

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. F. J. Moss
County Auditor
Montague Count y
Montague, Texas

Dear Sir:

Opinion No. O-1986
Re: House Bill No. 876, 46th Legis-
lature of Texas - House Bill
No. 1122, 45th Legislature of
Texas - Section 56 of Article 3,
Constitution of Texas.

Your request for opinion has been received and
considered by this department. We quote from your letter
of request as follows:

"I am enclosing copy of two bills which
affect Montague County only. These two bills
are governed by the last preceding federal
census. It is doubtful if the census in this
county will be the same next year as it was
at the time these bills were passed. I would
appreciate you giving me an opinion as to whe-
ther or not these two bills will go out provid-
ed the census change from this bracket."

The copies of the bills enclosed in your letter
refer to the bills stated above in this opinion.

House Bill No. 876, 46th Legislature of Texas,
reads as follows:

"An Act fixing the compensation for County
Commissioners in certain counties; providing
the manner of payment and prescribing the funds
from which it shall be paid; repealing all laws
or parts of laws in conflict herewith; and de-
claring an emergency.

"Be it enacted by the Legislature of the State

of Texas:

Section 1. In all counties having a population of not less than nineteen thousand, one hundred and fifty (19,150) nor more than nineteen thousand, one hundred and seventy-five (19,175), according to the last preceding Federal Census, the salary of the County Commissioners shall be Eighteen Hundred Dollars ($1800) per year, provided that such salary shall be paid in twelve (12) equal monthly installments, and providing further that seventy-five (75) per cent of such salary shall be paid from the County Road and Bridge Fund and twenty-five (25) per cent shall be paid from the General Fund of such counties; and in all counties having a population of not less than three thousand, five hundred and forty-eight (3,548) nor more than three thousand, five hundred and fifty-eight (3,558), according to the last preceding Federal Census, the salary of County Commissioners shall be Twelve Hundred Dollars ($1200) per year, provided such salary shall be paid in twelve (12) equal monthly payments, and providing further that seventy-five (75) per cent of such salary shall be paid from the County Road and Bridge Fund of such counties.

"Sec. 2. All laws or parts of laws in conflict with the provisions of this Act are hereby expressly repealed to the extent of such conflict.

"Sec. 3. The fact that County Commissioners in certain counties are underpaid and their duties require a higher salary creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Filed without Governor's signature April 20, 1939.
"Effective April 20, 1939."

House Bill No. 1122, 45th Legislature of Texas, reads as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That Article 1645, Revised Civil Statutes of Texas, 1925, as amended by Chapter 35, Acts of the Fortieth Legislature, First Called Session, as amended by Chapter 26, Acts of the Forty-first Legislature, First Called Session, as amended by Chapter 15, Acts of the Forty-second Legislature, Second Called Session, be, and the same is hereby amended by adding thereto a new Section to be known as Article 1645a, which shall read as follows:

"Article 1645a. In any county having a population of not less than nineteen thousand, one hundred and fifty (19,150) nor more than nineteen thousand, one hundred and seventy-five (19,175) according to the last preceding Federal Census, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be 'County Auditor,' who shall hold his office for two (2) years and who shall receive as compensation for his services the sum of Eighteen Hundred Dollars ($1800) per annum payable in equal monthly installments out of the General Fund of the county upon order of the Commissioners Court.

"Sec. 2. The importance of this legislation and the fact that a County Auditor is sorely needed in such counties create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and this Act shall be in force and effect from and after its passage, and it is so enacted.

"Approved May 10, 1937.
"Effective May 10, 1937."

Montague County, Texas, according to the last preceding Federal Census of 1930, has 19,159 inhabitants. Montague County, Texas, is the only county in Texas coming within the population brackets of not less than 19,150 and not more than 19,175 inhabitants as set out in the above quoted bills. Hansford County, Texas with a population of 3,548 inhabitants according to the last preceding Federal census, is the only county in Texas coming within the population brackets of not less than 3,548 and not more than 3,558 inhabitants, set out in the latter portion of Section 1 of House Bill 876, supra.

At the very outset of this opinion, we are confronted with the question of the constitutionality of the above quoted bills. The question arises as to whether or not these acts are local and special laws attempting to regulate the affairs of counties in violation of Article 3, Section 56 of the Constitution of Texas.

The case of Altgelt vs. Gutzeit, 201 SW 200, holds that a Bexar County Road Law, providing for an annual salary for commissioners of county for acting in all capacities, was unconstitutional, as an attempted regulation of county affairs by local and special laws.

The case of Smith vs. State, 49 SW 2nd 739, holds that the constitutional prohibition against special laws cannot be evaded by making a law applicable to a pretended class and that a statute classifying municipalities by population is "special" if the population does not afford a fair basis for classification but that the statute merely designates a single municipality under the guise of classifying by population. We quote from the court's opinion in said case as follows:

"A consideration of the classification created by the act involved in the present case in the light of Article 3, Section 56 of the Constitution, primarily calls for the application of the rule that the Legislature cannot evade the prohibition of the Constitution by making a law applicable to a pretended class, which is, as manifested by the act, in fact, no class. Clark vs. Finley, 54 SW 343, supra. Some of the tests for determining whether a pretended class is manifested by an act are laid down by McQuillan on Municipal Corporations, Volume 1, pages 498, 499. We quote:

"'The classification adopted must rest in real or substantial distinction, which renders one class, in truth, distinct or different from

another class.... There must exist a
reasonable justification for the classi-
fication; that is, the basis of the
classification invoked must have a dir-
ect relation to the purpose of the law
....'"

We quote from the court's opinion in the case
of Wood vs. Marfa Independent School District, 123 SW 2nd
429, as follows:

"We take judicial knowledge that no other
county in Texas has the qualification of area
and population demanded by the statutes.... It
is sufficient to say here that when we look to
the practical operation of the act, we are led
to the conclusion that beyond doubt it was the purpose
of the Legislature to single out Presidio County
and make the act applicable to that county alone.
Bexar County vs. Tynan, 97 SW 2nd 467. For that
reason the act is a local act and one which it
was beyond the power of the Legislature to enact.
Vernon's Annotated Civil Statutes, Texas Consti-
tution, Article 3, Section 56; Brownfield vs.
Tongate, 109 SW 2nd 352; City of Fort Worth vs.
Bobbitt, 36 SW 2nd 470; Fritter vs. West, 65 SW
2nd 414; Austin Bros. vs. Patton, 288 SW 182;
Smith vs. State, 49 SW 2nd 729."

This department held in its opinion No. 0-18 on
March 6, 1939, that Articles 2372e-1 and 5221b-23, Revised
Civil Statutes of Texas, 1925, the former being applicable
to counties having a population of not less than forty-
eight thousand, nine hundred (48,900) and not more than
forty-nine thousand (49,000) and the latter applying to
counties with a population of not less than forty-eight
thousand, nine hundred (48,900) and not more than forty-
eight thousand, nine hundred and seventy-five (48,975) and
counties with a population of not less than ten thousand,
three hundred and seventy (10,370) and not more than ten
thousand, three hundred and eighty (10,380), according
to the last preceding Federal Census, were unconstitutional
and void as special laws under Section 56, Article 3 of the
State Constitution, citing the case of the City of Fort
Worth vs. Bobbitt, 36 SW 2nd 470.

This department held in its opinion No. 0-364, on March 1, 1939, that Article 3902, Section 3a thereof, Revised Civil Statutes of Texas, 1925, providing for an office assistant, bookkeeper and stenographer in counties having a population of not less than forty-eight thousand nine hundred (48,900) and not more than forty-nine thousand (49,000) inhabitants, according to the last preceding Federal Census, was void under Article 3, Section 56, of the State Constitution.

This department held in its opinion No. 0-462, on March 21, 1939, that House Bill 632, 46th Legislature, which provides for the attachment of adjacent territory for zoning purposes by towns of not less than four thousand (4,000) inhabitants within counties of not less than three hundred thousand (300,000) and not more than three hundred and fifty thousand (350,000) inhabitants according to the last preceding Federal Census, was unconstitutional in that it attempted to enact a local law and fell within the prohibition of Article 3, Section 56 of the Constitution of Texas.

This department held in its opinion No. 0-899, on June 1, 1939, that House Bill 866 of the 46th Legislature of Texas, providing for traveling expenses for county commissioners of counties having a population of not less than 22,100 and not more than 22,500, according to the last preceding Federal Census, was unconstitutional in that is was a local and special law attempting to regulate the affairs of a county and fell within the prohibition of Section 56 of Article 3 of the Constitution of Texas.

This department has held a large number of similar acts to be unconstitutional on the grounds above stated.

Therefore, you are respectfully advised that it is the opinion of this department that each of the above quoted acts of the Legislature are unconstitutional and

are in violation of Section 56 of Article 3 of the
Constitution of Texas in that each of said acts at-
tempt to regulate the affairs of a county by local and
special law.

Therefore, said acts are void and have no
legal force and effect.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    s   Wm. J. Fanning
Assistant

WJF:AW:DDT

APPROVED FEB 29, 1940

s   Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED    Opinion Committee   By BWB   Chairman